UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID BEYDA,                                                                    Civil Action No.:

                        Plaintiff,

         -against-                                                         **COMPLAINT**

CREDIT COLLECTION SERVICES                           **DEMAND FOR JURY TRIAL**
a/k/a THE CCS COMPANIES,

                      Defendant(s).
-----------------------------------------------------------------X

      Plaintiff DAVID BEYDA ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant CREDIT COLLECTION SERVICES a/k/a THE CCS COMPANIES (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff DAVID BEYDA is a resident of the State of New York, residing at 1559 West 4th Street, Brooklyn, New York 11204.

    3.    Defendant, CREDIT COLLECTION SERVICES a/k/a THE CCS COMPANIES is a corporation engaged in the business of debt collection in the State of Massachusetts with an address at Two Wells Avenue, Newton, MA 02459.

    4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 USC §1692 a (3).

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Defendant, on behalf of a third-party or itself as purchaser of the debt, began efforts to collect an alleged consumer debt from Plaintiff.

10. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff on or about November 1, 2013 by sending Plaintiff a collection letter.

11. On November 15, 2013, Plaintiff placed a telephone call to Defendant and was connected to a female representative who informed Plaintiff that Defendant had two accounts, one for a radiologist (hereinafter "Creditor A") and one for an automobile insurance company (hereinafter "Creditor B"). Plaintiff informed Defendant's representative that he did not recognize either charge and was disputing both accounts.

12. Defendant's representative replied, "I can note your account that you are disputing the account but I would just like you to know that this could affect your credit report. It's not something that you're willing to take care of?"

13. Plaintiff repeated his wish to dispute and asked, "And why would it affect my credit report if I don't even think it's me?" Defendant's representative replied, "I don't have access to your credit report, sir, we don't report on behalf of Creditor A or Creditor B, they could elect to take those steps at any time so it could be reported to the national credit bureaus but we don't report on behalf of them." Plaintiff asked how, then, it could affect his credit, to which Defendant's representative replied, "Because they can put it on your credit report." Plaintiff asked, "How do you know that it can affect my credit?" Defendant's representative replied, "Because they give me that information, sir. Creditor A gives me that information that they can affect your credit report as well as Creditor B."

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. 15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in the connection with the collection of any debt.

16. The Defendant violated 15 USC §1692 e – preface when Defendant's representative falsely informed Plaintiff that she would make note of his dispute, "but I would just like you to know that this could affect your credit report."  When questioned

further, Defendant's representative claimed that the two creditors told her that they would credit report Plaintiff if they "elected to." Defendant has no means of knowing whether the accounts under discussion will have any affect, negatively or positively, on Plaintiff's credit report and her assertion that the creditors communicated to her personally that Plaintiff's actions with regard to the accounts could affect his credit report are entirely untrue and were made for no other reason than to threaten Plaintiff in order to dissuade him from registering his dispute.

17. 15 USC §1692f – preface prohibits a debt collector from using any unfair and unconscionable means to collect a debt.

18. Defendant violated 15 USC §1692f – preface by training employees such as the representative with whom Plaintiff conversed on November 15, 2013, to unfairly and unconscionably use threats that a consumer's credit will be damaged as a part of their collection strategies. Defendant's representative's spurious and inaccurate representations that she was told by Plaintiff's creditors that what he did with respect to the debts in questions would affect his credit exemplify Defendant's unfair means and methods to alarm consumers and/or deter them from disputing, in furtherance of Defendant's debt collection objectives.

## SECOND CAUSE OF ACTION
*(Violations of the FDCPA and the Dodd-Frank Act)*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. According to the Consumer Financial Protection Bureau Bulletin 2013-07,

"Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), all covered persons or service providers are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act." The CFPB Bulletin 2013-07, Section C defines unfair and abusive practices to include the misrepresentation about whether information about a payment or non-payment would be furnished to a credit reporting agency and misrepresenting to consumers that their debts would be waived or forgiven if they accepted a settlement offer, when the company does not, in fact, forgive or waive the debt.

21. Defendant violates the Dodd-Frank Act when Defendant representative, during her communication with Plaintiff dated November 15, 2013, unfairly and deceptively stated, "I can note your account that you are disputing the account but I would just like you to know that this could affect your credit report. It's not something that you're willing to take care of?" Defendant's sole objectives in training such employees to make these false statements is to deceive consumers into believing a payment to Defendant will somehow change their credit score.

22. As a result of Defendant's violations of the FDCPA and the Dodd-Frank Act, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

23. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.      For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.      For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.      For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

    E.      A declaration that the Defendant's practices violated the FDCPA;

    F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Brooklyn, New York
       July 24, 2014

                        Respectfully submitted,

                        By:/s/ Yitzchak Zelman_____
                        Yitzchak Zelman, Esq. (YZ5857)
                        LAW OFFICE OF ALAN J. SASSON, P.C.
                        1669 East 12 Street, 2nd Floor
                        Brooklyn, New York 11229
                        Phone:   (718) 339-0856
                        Facsimile: (347) 244-7178

                        *Attorney for Plaintiff*